UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY FINLEY,<br><br>Petitioner,<br>v.<br><br>GREG SMITH, et al.,<br><br>Respondents. | Case No. 3:13-cv-00062-MMD-VPC<br><br>ORDER |

This habeas matter comes before the Court on respondents' motion to dismiss (dkt. no. 16) as well as on petitioner's successive motion for appointment of counsel (dkt. no. 27). Respondents contend, *inter alia*, that the petition, as amended, is untimely.

**I.   BACKGROUND**

Petitioner Anthony Finley challenges his Nevada state conviction, pursuant to a guilty plea, of burglary, and his adjudication, pursuant to a stipulation in the plea agreement, as a habitual criminal. Finley was sentenced to a maximum of 228 months with minimum parole eligibility after 84 months, with 156 days sentencing credit.

In the amended guilty plea agreement, Finley stipulated to sentencing as a "small" habitual criminal under Nevada law. He acknowledged that he could be sentenced under the "small" habitual criminal statute "to a term of not less than FIVE (5) years and a maximum of TWENTY (20) years." He further acknowledged "that my sentence is to be determined by the Court within the limits prescribed by statute" and that "the Court is not obligated to accept the recommendation" of either side as to punishment. (Dkt. no. 17, Ex. 16, at 1, 2 & 3.)

The judgment of conviction was filed on June 4, 2010. (Dkt. no. 17, Ex. 22.) Petitioner did not file a direct appeal. The time for doing so expired on Tuesday, July 6, 2010, following the Independence Day holiday observance.

More than one year later, on or after August 31, 2011, petitioner mailed a *pro se* motion to correct illegal sentence to the state district court clerk for filing. It appears that the motion was received by the clerk on or about September 7, 2011. However, the clerk did not file the motion but instead sent the motion to counsel of record, pursuant to the court's local rules. Ultimately, the matter was considered on a December 1, 2011, proper person motion; and the state district court denied relief. The Supreme Court of Nevada affirmed; and the remittitur issued on January 7, 2013. (Dkt. no. 17, Exhs. 25, 30, 49 & 51.)

On or about February 3, 2013, petitioner mailed the federal petition to the Clerk of this Court for filing.

II.  **DISCUSSION**

The Court reaches only the timeliness issue.

Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise subject to tolling or delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period, unless otherwise subject to tolling or delayed accrual, thus began running after the time period for filing a direct appeal expired, *i.e.*, after July 6, 2010. Absent tolling or delayed accrual, the one-year limitation period would expire one year later, on July 6, 2011.

Under 28 U.S.C. § 2244(d)(2), the limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction or other collateral review. Petitioner's motion to correct illegal sentence otherwise would have statutorily tolled the federal limitation period. However, he did not first present the motion until on or after August 31, 2011, after the one-year limitation period already had expired absent further tolling.

2

The federal petition, which was constructively filed on or about February 3, 2013, therefore is untimely on its face.

Petitioner does not present a viable basis for overcoming the untimeliness of the federal petition.

Equitable tolling of the limitation period is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He, accordingly, must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner relies extensively on his *pro se* status as a basis for overcoming the federal time bar. However, under established law, petitioner's *pro se* status does not provide a basis for equitable tolling of the federal limitation period. *E.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner further refers conclusorily to alleged limitations on direct physical access to a prison law library. He maintains that he can access a law library only through a "paging system," pursuant to which inmates send written requests to the library for materials to be sent via the prison internal mail system. This Court has rejected the proposition that the fact that a prison uses a paging system for law library access in and of itself categorically provides a basis for equitable tolling of the federal limitation period. *See, e.g., Felix v. McDaniel*, 2012 WL 666742, No. 3:09-cv-00483-LRH-WGC, at *5-*9 (D. Nev., Feb. 29, 2012). Nothing in petitioner's conclusory

response to the motion establishes that an alleged paging system constituted an extraordinary circumstance that stood in his way and prevented him from filing a timely federal petition on or before July 6, 2011. Petitioners in Nevada prisons with paging system law library access can and do file timely federal petitions in this Court.

Petitioner next suggests that his petition should not be dismissed as untimely because he allegedly raises federal constitutional claims. However, by definition, the federal limitation period bars federal petitions presenting federal constitutional claims where the petitioner fails to file the federal petition timely. State law claims are not cognizable in a federal habeas petition, and the federal limitation period plainly is not limited only to federal petitions presenting state law claims.

Petitioner's remaining argument also begs the question. Petitioner discusses at length legal principles allegedly applicable to an alleged breach of a plea agreement. He urges that he pled guilty in the amended plea agreement under duress when the State filed an amended complaint after he allegedly had pled guilty in the justice court with a lesser sentencing exposure of 2 to 15 years. He alleges that the 84 to 228 month (7 to 19 year) sentence that he received was more than the legislative guidelines allow.

The foregoing alleged circumstances do not establish a basis for tolling and have no relevance to the timeliness issue. All of the alleged circumstances would have occurred prior to the June 4, 2010, judgment of conviction. All of the alleged circumstances — including the terms of the first agreement that petitioner signed, the terms of the second agreement that he signed, the alleged duress that he felt when signing the second agreement, and the sentence that he received — would have been known to petitioner prior to the June 4, 2010, judgment of conviction. None of the underlying facts to which he refers occurred after judgment. None of the grounds in the federal petition, as amended, are based upon facts and circumstances arising after June 4, 2010.

Petitioner accordingly has not presented a viable basis for equitable tolling or delayed accrual of the federal limitation period. He further has not sought to establish

actual innocence, and it does not appear that he would be able to do so.[1]

The petition therefore will be dismissed with prejudice as untimely.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner has submitted multiple motions for appointment of counsel. See dkt nos. 1-3, 12 & 27. As the Court stated in its prior denial of appointed counsel, there is no constitutional right to appointment of counsel in a federal habeas matter. The Court found that the claims and issues in this case were not especially complex and that petitioner had demonstrated an adequate ability to articulate his position in proper person. See dkt. no. 13. Nothing in the third boilerplate form motion filed recently leads to a contrary finding. The use of a paging system for law library access does not provide a basis for appointment of federal habeas counsel standing alone. See, e.g., Felix, supra.

### IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 16) is granted and that the petition shall be dismissed with prejudice as untimely.

It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 27) is denied.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find the district court's dismissal of the petition as untimely to be incorrect or debatable, for the reasons discussed herein.

The Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action with prejudice.

Dated this 24th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] See, e.g., dkt. no. 17, Ex. 21, at 4-6 (extensively acknowledging both guilt and prior criminal record at sentencing in seeking lenience).