UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY FINLEY,<br><br>　　　　　　　Petitioner,<br>　v.<br><br>GREG SMITH, et al.,<br><br>　　　　　　　Respondents. | Case No. 3:13-cv-00062-MMD-VPC<br><br>ORDER |

　　　　This closed habeas action is before the Court on petitioner's motion styled as a motion to file a notice of appeal as within time. (Dkt. no. 30.) Plaintiff essentially seeks to reopen the time to file an appeal.

　　　　Final judgment was entered on February 24, 2014. In the motion and notice of appeal, petitioner asserts that the papers were mailed for filing on or about May 30, 2014. However, in the certification filed with the notice of appeal, petitioner refers to and attaches a document dated June 17, 2014, so the papers could not have been mailed for filing prior to that date.

　　　　At this juncture, a district court may reopen the time to file an appeal only if all of the conditions of Rule 4(a)(6) of the Federal Rules of Appellate Procedure (FRAP) are satisfied.

　　　　The relevant provision states in full:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

FRAP 4(a)(6).

The motion as docketed itself states no viable basis for relief under FRAP 4(a)(6). However, the certification referenced therein instead was docketed with the notice of appeal. Petitioner states therein, *inter alia*, that: (a) "[u]nfortunately my legal documents were considered evidence and were held by the investigation officer here at Warm Springs, Correctional Center;" and (b) "[t]he documents were just return [sic] to me 6/17/14 after requesting them several times."

The Court will direct respondents to submit with their response a redacted copy of the relevant mail log or other record reflecting when petitioner received a copy of the order and judgment of dismissal in this matter. The Court is cognizant that petitioner has the burden of proof on the motion, but the record generally is more readily available to respondents. The Court is seeking to resolve the motion promptly given that the Court of Appeals likely will hold action on the appeal pending the resolution of the motion.

It is therefore ordered that respondents shall have thirty (30) days within which to respond to petitioner's motion and shall file therewith a redacted copy of the relevant mail log or other record reflecting when petitioner received a copy of the order and judgment of dismissal in this matter, under a covering declaration by an appropriate records custodian.

DATED THIS 24th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2