UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY FINLEY, | Case No. 3:13-cv-00062-MMD-VPC |
| Petitioner, | ORDER |
| v. | |
| GREG SMITH, et al., | |
| Respondents. | |

This closed habeas action is before the Court on petitioner's motion styled as a motion to file a notice of appeal as within time. (Dkt. no. 30.) Plaintiff essentially seeks to reopen the time to file an appeal.

**I.  BACKGROUND**

Final judgment was entered on February 24, 2014.

In the motion and notice of appeal, petitioner asserts that his current papers were mailed for filing on or about May 30, 2014. However, in the certification filed with the notice of appeal, petitioner refers to and attaches a document dated June 17, 2014. The papers currently before the Court could not have been mailed for filing prior to that date.

Petitioner states in the certification filed with the notice of appeal, *inter alia*, that: (a) "[u]nfortunately my legal documents were considered evidence and were held by the investigation officer here at Warm Springs, Correctional Center;" and (b) "[t]he documents were just return [sic] to me 6/17/14 after requesting them several times." Dkt. no. 31, at electronic docketing page 3.

Respondents have filed a notice with a redacted copy of the prison mail log.[1] The log shows that petitioner signed for mail from this Court on February 25, 2014, and June 25, 2014. The February 25, 2014, date is one day after the Clerk mailed notice of entry of the judgment. The June 25, 2014, date is one day after the Clerk mailed a notice of filing with respect to the current pending motion.

Petitioner has no other actions on the docket of this Court, whether open or closed. Petitioner is and was held at a correctional center in Carson City, only a relatively short distance from the Court's Reno Clerk's Office.

## II.  DISCUSSION

At this juncture, a district court may reopen the time to file an appeal only if all of the conditions of Rule 4(a)(6) of the Federal Rules of Appellate Procedure (FRAP) are satisfied.

The relevant provision states in full:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C) the court finds that no party would be prejudiced.

FRAP 4(a)(6).

Petitioner cannot satisfy the first requirement found in FRAP 4(a)(6)(A). The Court finds that petitioner received notice of entry of the February 24, 2014, judgment

---

[1] Dkt. no. 34. Respondents filed a notice of compliance, after the response time expired. The prior order instead directed respondents to *respond to the motion* along with the filing of a redacted copy of the mail log. Three days for service are not added to the time for a response that instead runs from entry of an order.

2

within twenty-one (21) days after entry. A finding that petitioner received notice of the Court's February 24, 2014, entry of judgment one day later on February 25, 2014, is the only finding consistent with the mail log entries, the dates that the Clerk sent notices of filing, and the lack of any other mail being received by petitioner from this Court between February 25, 2014, and June 25, 2014. In particular, petitioner did not sign for any other mail received from this Court between February 25, 2014, and his mailing of the present motion to reopen the time to appeal the judgment on or after June 17, 2014.

The motion to reopen the time to appeal therefore will be denied.[2] Petitioner's appeal accordingly is untimely.

### III. CONCLUSION

It is therefore ordered that petitioner's motion (dkt. no. 30) styled as a motion to file a notice of appeal as within time is denied.

The Clerk of Court shall provide notice to the Court of Appeals of this order in a manner consistent with the Clerk's current practice for such transmittals.

DATED THIS 1st day of August, 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that, over and above petitioner's statement quoted previously in the text, the motion in large part is based upon assertions that: (a) an inmate who had been helping petitioner had been transferred to another facility; and (b) petitioner would not know how to proceed even with law library access. These assertions do not provide a basis for relief under FRAP 4(a)(6) and further suggest that circumstances other than a failure to receive timely notice of entry of judgment led to the untimely notice of appeal.